BOARDMAN, Chief Judge.
Appellate Case No. 77-889 and Case No. 77-890 were consolidated for the purpose of this appeal. Both were mortgage foreclosure actions filed separately by two mortgagees against Seascape Condominium located in Bonita Beach, Florida. Each case was vigorously contested by the parties. Appellant, First Wisconsin National Bank of Milwaukee, was not made a party to either of these proceedings. On June 3, 1975 a receiver was appointed by the trial court to operate and maintain the condominium.
Point Development Corporation of Naples owned a sewage treatment plant located on the premises of Bonita Beach Club which was adjacent to Seascape Condominium. Seascape Condominium was permitted to tap into and use the sewage facilities for a fee which was never paid. On February 24, 1977 Point Development Corporation assigned to appellant its rights and interests in any claim it had against Seascape Condominium for the sewer services.
On March 22 appellant notified the receiver by letter of its interest in Seascape Condominium requesting him to file a claim for $48,750. No response was received by appellant. On April 7 the receiver filed a *961 petition for disbursement of funds and discharge. Although not formally notified of the proceedings appellant appeared at the hearing on the petition held April 25. The trial court subsequently entered an order approving the receiver’s final accounting, providing for disbursements of certain funds, discharging the receiver, and refusing to allow appellant to present its claim. It is this order which appellant appeals. We reverse.
Attorneys for the respective parties indicated during oral argument before this court that they were unable to find a case in Florida or other jurisdictions precisely on point. We submit that under these circumstances equitable principles necessitate consideration of appellant’s claim. See Am. Jur.2d § 334 (1973). There was no time limit established for filing claims, distribution had not been effected when the claim was filed with the receiver, and appellant timely acted to protect its interest in Seascape Condominium after it arose. Appellant attempted in good faith to file its claim for consideration by the receiver and the court. The door should not have been shut to appellant merely because of impatience or desire to terminate the proceedings. The contention that the period of receivership would be extended by presentation of appellant’s claim is on balance clearly outweighed by principles of fairness and reasonableness.
Reversed and remanded for proceedings consistent with this opinion.
HOBSON and OTT, JJ., concur.